Case 16-3788, USA v. David Guy. Argument not to exceed 15 minutes per side. Mr. Shad, you may proceed before the appellant. Thank you. Good morning, your honors. You may please the court. I'm here this morning representing David Guy, and I would like to reserve four of my minutes for rebuttal, if I may. Your honors, I would like to just address one of the issues that I raised in the brief today, and I would leave the balance of the issues to the briefs that were filed. The issue that I would like to address to the court's attention is whether or not the district court denied the defense the right to present a defense. And in this case, there were 11 counts of obscenity that were charged in the third superseding indictment. The defense to those charges was that it was not obscene material, but that it was art, and that it was art that was protected presumably by the First Amendment, and it was art that was accepted within contemporary community standards. To that end, the defense wanted to provide evidence on contemporary community standards to the jury. And it just so happened that at the time that the trial was occurring, there was an art exhibit that was one block away from the federal courthouse here in Cincinnati, and that art exhibit actually had on exhibition pictures of children in various states of undress. This is the Robert Mapplethorpe exhibit? Yeah, it was actually, I believe, a Robert Mapplethorpe retrospective slash progenitor. He is a very controversial artist, and a lot of people would say that what he does is not art. But you're saying that that is an example of accepted community standards. I mean, his art, I think, they've had protests about it, and a lot of galleries won't accept it. Cincinnati, I think, was probably doing it maybe for free speech purposes or whatever. But to say that that is mainstream art is kind of a stretch, isn't it, to what kind of stuff he does? If we were arguing that it was mainstream art, I would agree with you, but that's not the standard. It's really fringe, but I guess you're saying even fringe stuff, though, is protected, and your client stuff is protected. Absolutely. Well, and that's the whole purpose of this, why contemporary community standards is part of the test in this case. And I want to just clarify. I mean, is Mapplethorpe's art contemporary community standards? I mean, I think it's a real dispute there. I mean, a lot of people say it's not. So the art that is in question in this case is actually beyond just Robert Mapplethorpe's art. It was actually artists that were influenced by Robert Mapplethorpe, and so it's a whole host of other artists that have come after him. And so the issue, kind of pulling back from that, is it could in fact be controversial, but is it accepted contemporary community standard for the Southern District of Ohio? And so we have here, if in fact it was illegal or it was obscenity in and of itself, it would be prosecuted. And as a matter of fact, 25, 27 years ago in Cincinnati, Robert Mapplethorpe's art was the subject of a state obscenity trial, but a lot has occurred between now and then. And in this case, as the court will recall from the record, not only do we have this art display that's going on a block away from the courthouse, but there is available for purchase in the museum store a book that has all of these artworks that you can just buy and then walk out the door with. And so in this case, the defense tried the jury view first, and they wanted a jury view of the actual artworks that were in the location. But absent that, they actually bought the book, brought it to trial, and said, well, if you're not going to allow us to have a jury view, if that is cumbersome in some way, can we present the book to the jury to show that this is available a block away if they want to purchase it? And this goes into the mix of what is contemporary community standards. It's not to say that this is the standard, but that the standard is wider than the average juror thinks it is. And it goes to the actual objective nature of the standard. The contemporary community standards is not a subjective standard for each individual juror to determine. It is an objective standard. As a matter of fact, the jury instructions in this case specifically said that you are not to use your specific beliefs as to what contemporary community standards are. Rather, it's an objective standard. So how does a jury understand what an objective contemporary community standard is in the Southern District of Ohio if the defense is not permitted to present any evidence on that topic whatsoever? And it was the entire defense as to those 11 counts in this case. By not allowing any evidence of the jury view, by not allowing any evidence from the book that was purchased, the... To what extent was either the exhibit or the book inclusive of pictures of children in various nude or explicitly sexual poses? So let me say that I personally have not, I did not view the display, and I did not... Justice Douglas never looked at any of that stuff either. And I didn't view the book either. But the book was presented for the court so that the court could take a look at it. And my understanding from the record is that there were various... It wasn't all pictures of nude children, but that there were various pictures of children in various states of undress. But the issue is, and this is an issue in several of these cases, is that something that the mere fact of a child being nude in a representation doesn't make it obscene. Rather, it has to meet the standard, go to the purient interest and all the other Miller-Ginsberg factors that a jury has to take a look at. But... Is that your contention, is that these pictures did go to the sexual purient interest as opposed to just children that are undressed? No. That these pictures actually went to the fact that they would have allowed the jury to see that there is that disconnect between... If I see a picture of a nude child, that doesn't mean that it is obscene in and of itself. And in the contemporary community standards, not only is that a disconnect, but we actually have it here in the community, and it's accepted here in the community. And that was, again, the entire defense with regards to this. And I will note that, Judge Batchelder, to your question, the defense in this case actually tried to preserve for this court the full scope of what that presentation was at the Arts Center. And they actually asked the judge to permit them to go and videotape the exhibit so that it would be available for the appellate record, so this court could see the full scope of what it was that they were trying to put in. Why would they need the judge's permission to videotape it? I would think you would just videotape it and then submit that as your offer of proof. Judge, you've denied my evidence, but here is the evidence that I would have submitted. Here is my offer of proof, which is actually what you need to do. And you need to have submitted that book as an offer of proof that this is the evidence that we would have wanted admitted rather than just say we could have done something. The reason that they needed the judge's permission was that the Contemporary Arts Center itself would not permit them to videotape it. So they needed a court order to do it. So they needed a court order to do it. And so they asked the court for that court order, and what the court said, and I think it's record. What prevented them from proffering the book? And they did proffer the book. And they proffered specific pictures in the book. Was the book in evidence? I don't know if the entire book is in evidence, but I know that there were at least pictures from the book that were proffered and were physically presented to the judge, and so the judge was able to look at them. And we can look at them and appeal. I don't know where physically the book is at this point, but presumably it's probably with the district court downstairs at the clerk's office, and you would be able to take a look at them. You have to perfect the appellate record here. I mean, you're saying it could have been part of our appellate court record, but right now you haven't submitted it? That's correct, and I can submit it if the court would like me to. I usually confine myself to what record that you have submitted. I understand, Your Honor. With the time that I have left, I'd like to turn to the second of the sub-issues of this issue, and that is that the defense in this case was completely denied the right to effectively cross-examine one of the government's main witnesses. Before you move on, I mean, our standard review for this evidentiary ruling is for an abuse of discretion, right? I disagree with that because I disagree that it's a mere evidentiary ruling. We have challenged this under the failure to allow a defense, and that is a constitutional issue entitled to de novo review. Well, I mean, you're allowed to present the defense, but you say you weren't effectively permitted to do it because you have some evidence that didn't come in. I mean, you argued the defense, you presented it, but it's the evidentiary support for it that you object to, right? Correct, but without this, there was absolutely no evidence that the defense could present on the defense. Well, let's see. It was a complete denial of a defense as to those 11 counts. The only potential evidence that you could have ever submitted in support of that claim? I mean, that seems to me like, all right, maybe that kind of makes sense. We'll go to the museum. But it seems like maybe you could have done something else as well. I suppose the defense could have tried to find other art presentations within the community, but it probably would have been met with the same response by the district court. I see my time is up, unless there are any further questions. Well, okay, the judge did a 401-403 analysis here. Is that right, that it's not relevant? And then even if it were relevant, the confusion of the issues outweigh any potential? The district court relied on the confusion of the issues, I think, primarily. Yes, Your Honor. Thank you. Thank you. May it please the Court, Alexis Zuhairi on behalf of the United States. I'd like to begin by responding to my colleague's arguments regarding his right to present a defense claim. Judge Griffin, you're absolutely right. The district court in this case denied the motion for a jury view because the court, having viewed this art exhibit itself, found that it posed a serious risk of jury confusion by skewing jurors' concepts of contemporary community standards. And it also found that this art exhibit was minimally probative at best. And that's because among 120-some photos, I'm sorry, 120-some pieces of art, only two of those pieces even depicted children. And those two pieces of art depicted one nude child in a soiled bed and another nude child sitting in a chair. And those two images are in no way comparable to the images comprising the subjects of counts 1 through 11. Those images showed the defendant's minor relatives being sexually assaulted and abused in, quite frankly, horrifying ways. And so the district court did not in any way abuse its discretion in denying a jury view, which is quite an extraordinary thing for a district court to grant. So that's responding to the first point. Secondly, regarding the introduction of these two pieces of artwork into evidence, the district court, again, didn't abuse its discretion there under Rule 403 balancing test. It again cited these same issues of juror confusion and relevancy. Is your point that because there was so little relevance, because there was so little in the art exhibit that was in any way comparable, even if your view is it isn't comparable at all, but so little that was comparable to what was the subject of this prosecution, that there simply isn't any meat to the constitutional claim? Absolutely. I think that you start by viewing whether or not the district court actually abused its discretion here. I think that's a starting point. And the district court didn't, and the reason is twofold. It's a 403 balancing. It's, number one, the risk of confusion outweighed any minimal probative value. But certainly here there was not a constitutional violation. The defendant doesn't even attempt to explain how this exclusion was somehow arbitrary or disproportionate or how it could possibly have affected the outcome of the trial. So I think, to your question, we start with did the district court abuse its discretion, and then you sort of go to a 20,000-foot view, which addresses this constitutional claim. I'd like to just briefly address the issue of the cross-examination of Minor I, which is also sort of folded into this general constitutional claim. My colleague's brief sort of ignores the context in which this initial ruling was made, and I would direct the Court's attention to the record at 214 at 1618. What happened here is the United States moved under Rule 414 to admit into evidence the defendant's prior gross sexual imposition conviction in state court, of which Minor I was the victim. Now the district court denied that. However, in the context of making that ruling, the district court said, well, if, and let me look at my notes to make sure I get this right, if this prior conviction becomes relevant during the cross-examination, then I might change my ruling. So in other words, it's preventing the defense from somehow misleading the jury by suggesting that Guy did not, in fact, commit any hands-on offenses when he absolutely did. So again, the United States would submit there's no confrontation clause violation. There is absolutely no violation of Mr. Guy's right to a complete defense. And if the Court has no further questions, the United States asks the Court to affirm. Thank you, counsel. Turning to the last issue raised by opposing counsel, if it was, if the district court had told the defense, hey, if you open the door to this prior conviction, I'm now going to let it in, and if that was the issue, I wouldn't have raised the issue before this court because that is entirely proper. What the district court said, and I'm quoting from 206, page ID number 1497, the reason I didn't allow in the previous conviction of the defendant is I didn't want it to taint the jury. However, in your cross-examination of minor one, if her credibility gets called into question, that conviction may very well be relevant. So in other words, if you attack the credibility of minor one, then it's likely this prior conviction that I previously excluded is coming in. And that is the problem in this case. And by the way, that was said immediately before minor one took the stand. There was no break. There was no multi-day availability to explore this further. It was if you attack her credibility, I'm going to let the prior conviction in. The prior conviction did not come in, right? The prior conviction did not come in. All right, so you're just saying the judge posed this warning, I guess, and that chilled the right of cross-examination. Absolutely, and if you take a look at the cross-examination of minor one, you will find it is generic, boilerplate cross-examination that does not go to the credibility of that witness because of this ruling. You know, to preserve the issue, don't you actually have to call the judge on the prospective ruling and say, well, I'm going to do it anyway? And then if he allows the conviction in, that's reversible error. But you'd actually have to go to that step. I think the Supreme Court had a case about testifying in the use of a prior conviction against a defendant for impeachment purposes. The case said the judge had ruled, if you testify, I'm going to allow this in for impeachment purposes. And the Supreme Court reversed the state court and said, no, even though the ruling is wrong, to preserve the issue, the defendant has to testify and then the judge has to allow the conviction in to preserve it rather than a prospective violation or prospective error isn't enough. I think that's the point of the case. And isn't that the same thing we've got here? I would admit that because there was no objection raised to this, we're under a plain error standard. And to your point, I think, is how do we determine prejudice? And I don't know that it would have needed to go to that, what I call that nuclear option, right, because you have to basically call the court's bluff and have the bad thing occur. To my understanding, that's what the law is, though. But am I wrong on that? There's probably something less that can occur if the judge would allow it that could probably preserve the record better, and that would be maybe a voir dire outside the jury where you cross-examine the witness so you can show. Pardon me? Did you ask for that? No, Your Honor. But what I would say is that this occurred right before Minor I took the stand in the heat of the trial, and so it's possible that that all didn't get teased out and defense counsels had to listen to the direct testimony immediately after that determination and then cross. So we could have a better record, but I don't think that that should foreclose this court from looking at this at least under a plein air standard of review. And the only other thing I was going to mention was, as I recall the record, the district court didn't say, I will let it in. She said, My ruling might change. Yes, absolutely. In the actual languages, that conviction may very well be relevant. But I think the import to a litigant is very clear that if you attack her credibility, not if you open the door to the prior conviction, but if you attack her credibility, then the conviction is in play. And that certainly would have a chilling effect on any defense counsel. To say it's in play and to say that it's admitted are two different things. I mean, there's no prejudice if it's just in play. But if the jury is advised of this prior conviction, now all of a sudden you've got some prejudice. It's almost like a president's suggestion. Thank you, Your Honors. Thank you, counsel. The case will be submitted, and there being nothing further to come before the court this morning.